Case 14—Contest of Will.—March 18.

# Trice, &c. v. Shipton, &c.

APPEAL FROM WEBSTER CIRCUIT COURT.

JUDGMENT FOR CONTESTEES AND CONTESTANTS APPEAL. AFFIRMED

WILLS—REVOCATION—FRAUD OF DEVISEE PREVENTING DESTRUCTION OF WILL.

Held: The fraud, if any, of testator's wife, the sole devisee under his will, in falsely representing that his desire to have the will destroyed had been carried out, whereby he was prevented from destroying the will or executing another, did not operate to revoke the will.

LOCKETT & LOCKETT AND J. W. MAHAN, FOR APPELLANTS.

J. W. BOURLAND AND BOURLAND & HENSON, FOR APPELLEES.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

A paper propounded as the last will of S. D. Trice, whereby he gave all his property to his wife, was duly probated in 1896. The widow subsequently remarried and died, and after her death, and some three years after the probate, an appeal was taken from the judgment of probate by Trice's heirs. The grounds of the contest were lack of mental capacity and undue influence, and the jury seems to have been properly instructed on these questions. They found in favor of the will.

Evidence was introduced that, a short time before the testator died, he said that he had made a will, and his wife said that that will was destroyed; that he then stated that he wanted his property to go to his wife, with remainder to his family; that he had spoken of his will as having been destroyed. Another witness testified that, some three,

years before his death, she asked him if he had made a will, and he replied that he had no will; that he had made one, but it was destroyed; and his wife confirmed the statement that it was destroyed. Upon this testimony an instruction was asked as follows: "Even if the jury believe from the evidence that the paper in question was freely executed by S. D. Trice, yet if they further believe from the evidence that he afterwards wished and intended to destroy said paper, and that his wife, to prevent it, represented to him that said paper was destroyed, and, he relying upon that representation, was prevented from destroying said paper or making another as his will, this is such undue influence and fraud as renders said paper invalid, and the jury will find said paper not to be his will." It is argued with considerable force that this evidence tended to show a fraud upon the testator, and that by the direct fraud of his wife he was made to believe his will had been destroyed, and thereby prevented from revoking it by himself destroying it, as he desired and intended; that this fraud can, in probate proceedings, be shown as the basis for a verdict setting aside the will on the ground of fraud, on behalf of the heirs at law. On the other hand, it may be urged that such statements are sometimes falsely made by testators to avoid annoyance from their kindred, and that, even if the statements of which testimony has been given be admitted to show a desire for the destruction or revocation of his will, it does not at all follow that if he had known the will was still in existence he would have actually destroyed or revoked it. But we do not think there was any question to submit to the jury. The statute (Kentucky Statutes, sec. 4833) seems directly to provide the mode whereby a will may be revoked, in whole or in part, and to peremptorily prohibit any other mode of accomplishing this purpose:

"No will or codicil, or any part thereof, shall be revoked, unless under the preceding section, or by a subsequent will or codicil, or by some writing declaring an intention to revoke the same, and executed in the manner in which a will is required to be executed, or by the testator, or some person in his presence, and by his direction, cutting, tearing, burning, obliterating, canceling or destroying the same, or the signature thereto, with the intent to revoke." In Toebbe v. Williams, 80 Ky., 665, (4 R., 563), in an opinion by Chief Justice Hargis, it was said, referring to section 10, c. 113, General Statutes, which is substantially re-enacted in the section we have quoted: "Evidence of verbal statements made by the testator, after making his will according to the forms of law, to the effect that he has not made a will, do not constitute a revocation, and possess but little value, and when permitted to go to the jury they should be instructed that such statements do not tend to prove revocation, and furnish no light in construing the written acts of the testator." In Gains v. Gains, 2 A. K. Marsh., 190, 12 Am. Dec., 375, a case was unmistakably made out of the forcible prevention by the devisee of the destruction of a will by the testator. The devisee snatched it from his hand and forcibly retained it after the testator had sent for it with the announced desire to destroy it. It is true that, in that case the court held the testator's mind was at the time so impaired by disease as to render him incapable of acting efficiently for the purpose of revocation. But the court said, in an opinion by Chief Justice Boyle: "But, admitting the competency of the testator, at the time, to have revoked his will, and that he was prevented from doing so by the conduct of the defendant, in error, we should still think that the will was not thereby revoked. The act concerning wills, after having prescribed the manner in which

a will shall be made, provides 'that no devise, so made, or any clause thereof, shall be revocable but by the testator's or testatrix's destroying, canceling or obliterating the same, or causing it to be done in his or her presence, or by a subsequent will, codicil, or declaration in writing, made as aforesaid.' None of these acts were done, and we can not, under any circumstances, substitute the intention to do the act for the act itself. Construction is admissible only where there is ambiguity; and there is no ambiguity in the provision referred to. To substitute the intention to do the act, instead of the act itself, without which the statute expressly declares the will shall not be revocable, would be changing the law, not expounding it. A devisee who, by fraud or force, prevents the revocation of a will, may, in a court of equity, be considered a trustee for those who would be entitled to the estate, in case it were revoked; but the question can not with propriety be made in a case of this kind, where the application is to admit the will to record." In Runkle v. Gates, 11 Ind., 95, a similar question was presented, with the same result, the fraud in that case having been confessed by the devisee. See, also, Jarm. Wills, c. 7, sec. 2.

The law has pointed out the mode in which wills may be revoked. It has, in effect, forbidden any mode of revocation save that permitted by the statute. The courts can not substitute for the plain requirement of the statute the supposed desire, intention, or even the unaccomplished attempt, of the testator to destroy his will. If a testator on his deathbed should send for his will for the avowed purpose of its destruction, and should die before it reached him, or even with the instrument in his hands for that purpose, it could hardly be maintained that a revocation had been accomplished, within the meaning of the statute. To hold

that an expressed intention to destroy a will, or an expressed belief that it had been destroyed,— and that such intention or belief can be proven by statements made, very possibly, for the purpose of misleading the kindred of the testator,—could take the place of the formal and definite revocation provided for by the law, would violate the plain letter and spirit of the statute and create an open door for fraud.

The testimony objected to does not seem to be such as could have operated prejudicially. For the reasons given, the judgment is affirmed.